**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THERESA A. ANDERSON,

   *Plaintiff*,
   v.

COMMISSIONER OF
SOCIAL SECURITY,

   *Defendant.*
_____/

CASE NO. 18-CV-12008

HON. NANCY G. EDMUNDS
DISTRICT JUDGE

HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION ON PETITIONER'S**
**MOTION FOR ATTORNEY FEES (ECF No. 29)**

**RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion for an award of attorney fees under 42 U.S.C. § 406(b) (ECF No. 29) be **DENIED**.

**REPORT**

**I.   Introduction and Background**

In this matter, Theresa A. Anderson, "Plaintiff," applied for disability insurance benefits (DIB). (ECF No. 14-3, PageID.125-26.) This case concerns the motion by her counsel in that matter, "Petitioner," who seeks attorney's fees out of the past-due benefits Plaintiff was awarded.

At issue in this case is the timeframe for which Petitioner should be compensated. The factual history of this case involves several hearings and remands, but as the facts and dates are crucial in determining the proper amount of fees, if any, to be awarded, the pertinent dates are outlined in chronological order below.

1

Due to the somewhat complicated nature of the facts in this case, I will start by simply emphasizing not only that the following facts are important, but why they are important: because the ALJ ultimately reached a favorable outcome based on a subsequent application, instead of the one remanded from this Court, I suggest that counsel who worked exclusively on the application remanded from this Court is not entitled to benefits.

Plaintiff filed an application seeking DIB and alleging a disability beginning on December 29, 2009. (ECF No. 14-3, PageID.125.) An ALJ issued a decision on May 16, 2011, finding that Plaintiff was disabled. (*Id*. at PageID.125.)

On October 26, 2017 an ALJ, acknowledging the prior decision that Plaintiff was disabled beginning on December 29, 2009, found that the disability ended on May 19, 2014. (ECF No. 14-2, PageID.63.) Plaintiff appealed, the appeal was denied, (*id*. at PageID.53), and Plaintiff filed suit in federal court.

Prior to filing her complaint in court, Plaintiff filed a subsequent application with the Social Security Administration. (ECF No. 30-1, PageID.1440.) Plaintiff filed this subsequent application on May 15, 2018. (ECF No. 30-1, PageID.1440.)

On May 18, 2018, Petitioner began reviewing Plaintiff's case for the federal court proceedings. (ECF No. 29-4, PageID.1427.)

On July 31, 2019, the undersigned filed a Report and Recommendation granting a motion for summary judgment in Plaintiff's favor, remanding the October 26, 2017 decision matter to the Commissioner. (ECF No. 24; report and recommendation adopted ECF No. 25.)

The Appeals Council combined the remanded October 2017 decision with the subsequent application that Plaintiff filed on May 15, 2018. (ECF No. 30-1, PageID.1440.)

Plaintiff amended her alleged onset date to November 1, 2017. (ECF No. 30-2, PageID.1572.)

On March 2, 2021, the ALJ on remand found that Plaintiff was disabled beginning on November 1, 2017; the ALJ still found, however, that Plaintiff's disability had ceased as of May 19, 2014. (ECF No. 30-1.) Thus, the most recent decision found that Plaintiff's disability ran through two timeframes—from December 29, 2009 through May 19, 2014, and again from November 1, 2017 through March 2, 2021.

In the decision by the ALJ after remand, the ALJ found Plaintiff was entitled to supplemental security income (SSI) and DIB benefits—notably, Plaintiff did not seek SSI benefits, and they were not an issue, in the October 2017 decision. (ECF No. 12-2, PageID.63.)

Plaintiff moved for attorney fees under the Equal Access to Justice Act. (ECF No. 27.) The District Court granted the motion. (ECF No. 28.)

Finally, this case resulted in a notice of award, dated July 11, 2021, of past-due benefits owed to Plaintiff in the amount of $60,474.00. (ECF No. 29, PageID.1399 (citing ECF No. 29-1.)) Now before the Court is Petitioner, who was Plaintiff's attorney, Frederick J. Daley's ("Petitioner") motion for attorney fees under § 406(b)(1) of the Social Security Act, 42 U.S.C. § 406. (ECF No. 29, PageID.1398.)

The Commissioner responded to Petitioner's motion, arguing essentially that it was the subsequent application filed by Plaintiff prior to retaining counsel, and not the federal

3

court remand, that ultimately led to the award of benefits beginning November 2017. (See ECF No. 30, PageID.1433.)

In addition, Plaintiff in this matter also filed a response to Petitioner's motion. (ECF No. 31.) Plaintiff responded that Petitioner "did the briefing" for her case before it was remanded to the ALJ, and at that point she elected to have a different attorney represent her. (ECF No. 31, PageID.1473.) Plaintiff writes that she was under the impression her payment would be "up to $6,000 of your backpay or 25%, whichever is less." (*Id.*) Plaintiff is concerned about the payments between her two attorneys— "I was told the two firms would work out the payments together but I wouldn't be charged more because there are two firms." (*Id.*) She writes that her other attorneys, who are not a part of this motion, sought through petitions $5,500 and $3,500. (*Id.*)

## II.     Legal Standards

"The prescriptions set out in § 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(a) addresses payment for representation in administrative proceedings before the Commissioner, whereas section 406(b) deals with payment for representation in court.

Under § 406(a), where a claimant is entitled to past-due benefits, a fee may be paid to the claimant's representative for services rendered at the administrative level. That fee may not exceed the lesser of twenty-five percent of the amount of past-due benefits, or $6,000. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

4

Under § 406(b), where a claimant is "represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). However, that award must likewise not exceed "25 percent of the total of the past-due benefits." *Id*.

The Sixth Circuit has determined that fees awarded under § 406(a) and § 406(b) are to be considered separately, such that a claimant's attorney who represents the claimant both before the Commissioner and before a court "may receive total fees exceeding twenty-five percent of the claimant's benefits award." *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457 (6th Cir. 2016).

### III. Analysis

I first note that the section under which Petitioner seeks payment is 406(b), which provides:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, . . ..

(B) The regulation defines "past-due benefits"—

    (i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 423 of this title, and

    (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title.

§ 406(b)(1)(B)(i-ii).

The Commissioner relies on *Lay v. Colvin* to support their argument that Petitioner's work may not have "contribut[ed] to a favorable outcome at the administrative level." (ECF No. 30, PageID.1434) (citing No. 10-346, 2015 WL 13389927 (E.D. Ky Ap. 23, 2015)).

In *Lay*, the plaintiff's counsel was awarded attorney's fees in the amount of 25% of past-due benefits to the plaintiff. But the Commissioner later moved to adjust that amount, arguing that the amount of past-due benefits awarded to the plaintiff included amounts from a time when "counsel did not represent him during that period of entitlement." *Id*. at *1. The plaintiff alleged disability from July 1, 1997. In 2002, on remand, the ALJ was found disabled from 1997-2000, but not beyond 2000. This decision was remanded regarding disability after 2000. Later, after a district court remand, an ALJ finally found that the plaintiff was disabled beginning in 1997 and continued to be disabled. *Id*. at *1-2.

Regarding the counsel's motion for attorney's fees, the Court agreed with the Commissioner that "[the ALJ's] review seems limited to the period of time after June 27, 2000, as evidenced by the fact that she focused on medical records from 2000-2011. This is also consistent with the Appeals Council's decision to *affirm* the first ALJ's finding of a

6

disability between July 1, 1997 and June 27, 2000 and *remand* the case for further evaluation as to the time period after June 27, 2000." *Id*. at *3 (emphasis in original).

The Court reasoned that there was "no evidence in the record to suggest that [the ALJ] actually reopened, reviewed or revised the first ALJ's finding of a disability between July 1, 1997 and June 27, 2000." *Id*. The plaintiff had already been compensated with past-due benefits for that time period before counsel began representing the plaintiff. *Id*. ("It does not change the fact that the SSA awarded Plaintiff $21,220 in past-due benefits for the period of disability from July 1, 1997 through June 27, 2000. [] Walter Olin, Plaintiff's counsel at the time, received the remaining $4,000 as attorney's fees.") Thus, the Court concluded, counsel should not have been awarded past-due benefits from the 1997 through 2000 dates. *Id*.

Here, the Commissioner argues, "Plaintiff was not successful in obtaining benefits for the period of disability on which this Court ruled. []. She was successful in obtaining benefits on her subsequent applications, which she filed prior to Counsel's representation of her in this matter." (ECF No. 30, PageID.1434.)

I suggest that the Commissioner's argument has merit.

In *Lay*, the Court declined to award past-due benefits covering the time period where the plaintiff was always considered to have been under a disability—the 1997-2000 time period was not in dispute, so when counsel took over, he should not have been awarded for that time. Here, by the time counsel entered the scene, it was established that Plaintiff's disability ran from 2009-2014. (ECF No. 24, PageID.1319.) To be sure, this Court did not consider the time frame before 2014, nor did the ALJ in the final decision. The Court

reviewed evidence from 2014 onward—including evidence up to March and April 2017. (ECF No. 24, PageID.1343.) The Court does not appear to have analyzed any medical record evidence beyond April 2017, or before 2014. (*See, e.g.*, ECF No. 24.) The reason for the Court's remand was the ALJ's insufficient analysis of Plaintiff's fibromyalgia. (ECF No. 24, PageID.1344-46.)

However, on remand, the ALJ's decision finding Plaintiff disabled was not based on a renewed analysis of Plaintiff's fibromyalgia per this Court—it was based on the subsequent application and amended alleged onset date, and corresponding evidence.

It appears that Petitioner's assistance in this case, although helpful at the District Court stage, is not what caused the ultimately favorable result for Plaintiff. The ALJ determined that Plaintiff's disability began again in November 2017—this was a result of two things: 1) Plaintiff's subsequent application, which was filed before Petitioner began work on the case, and 2) Plaintiff's amended alleged onset date, which was filed with the help of Plaintiff's other attorney, Heidi Walkon of the Walkon Law Center, whom Plaintiff mentions in her response. (ECF No. 30-2, PageID.1472; ECF No. 31, PageID.1473.)

Specifically, the ALJ noted that since May 19, 2014, Plaintiff had the following medically determinable impairments: fibromyalgia, hypothyroidism, migraine headaches, history of breast cancer and treatment, in remission, and anxiety. (ECF No. 30-1, PageID.1443.) Then the ALJ found that Plaintiff had a medical improvement on May 19, 2014, which resulted in an increase in her residual functional capacity ("RFC"). (*Id.* at PageID.1445.) The ALJ provided a thorough analysis of Plaintiff's medical impairments, including discussing her fibromyalgia for at least four pages, detailing doctors' notes,

8

symptoms, medications, and more in relation to her fibromyalgia. (ECF No. 30-1, PageID.1446-50.) The ALJ ultimately found Plaintiff's testimony about her fibromyalgia unsupported by the medical evidence in the record, writing, for example, that based on a May 12, 2014 doctor note, "[t]he record reflects treatment for fibromyalgia, improved with medication and physical therapy." (*Id*. at PageID.1453.) The ALJ concluded, "[b]ased on the impairments present since May 19, 2014," that Plaintiff had the RFC to perform light work. (*Id*. at pageID.1446.) The ALJ found that there were several jobs in the national economy, available in significant numbers, that Plaintiff could perform. (*Id*. at PageID.1456.) This part of the decision reflects the portion that Petitioner worked on at the District Court stage.

But the ALJ continued, saying that beginning on November 1, 2017, Plaintiff's RFC was limited to sedentary work, (*id*. at PageID.1455); but there were no jobs that existed in the national economy in significant numbers that Plaintiff could perform, based on the November 1, 2017 alleged onset date. (*Id*. at PageID.1457.) This part of the decision, which is what the favorable determination was based on, was not a result of the remand from the District Court, but the subsequent application that was combined with the remanded decision.

Thus, I suggest that the Commissioner's argument accurately portrays the facts and procedural history in this case, and I recommend finding that Petitioner has not met the standards required by Section 406(b)(1)(A); specifically, that "the ALJ did not find in Plaintiff's favor on the issues before this Court; therefore, she did not accrue past-due benefits based on the appeal of the October 2017 ALJ decision to this Court. 42 U.S.C. §

406(b)(1)(A)." (ECF No. 30, PageID.1433.) Section 406(b) requires that the past-due benefits awarded to an attorney be the result of a court rendering a judgment favorable to a claimant, and that the attorney receive a portion of the "benefits to which the claimant is entitled by reason of such judgment[.]" Here, the benefits awarded to Plaintiff were not by reason of such judgment. § 406(b)(1)(A).

Finally, I note that Petitioner has already received compensation for his work on this case under the EAJA.

### IV. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the motion for attorney fees under 42 U.S.C. § 406(b) (ECF No. 29) be **DENIED**.

### REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 28, 2021                                S/PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge